IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| TEMESCAL WELLNESS OF MARYLAND, LLC, | * |
| Plaintiff, | * |
| v. | * |
| EMPLOYER TOOLS & SOLUTIONS, INC., ET AL., | *   Civil No. 20-cv-3650-JRR |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## REPORT AND RECOMMENDATION

This Report and Recommendation addresses Temescal Wellness of Maryland, LLC T/A Evermore Cannabis Company's ("Plaintiff's") Motion for Default Judgment pursuant to Fed. R. Civ. P. 55(b)(2). *See* ECF 29 (hereinafter the "Motion"). On August 19, 2022, in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302, Judge Rubin referred the Motion to me for the purpose of "[r]eviewing a default judgment and/or making recommendations concerning damages." ECF 32. I have reviewed the relevant filings and find that a hearing is unnecessary at this time. *See* Fed. R. Civ. P. 55(b)(2); Local Rule 105.6. For the reasons stated below, I recommend that the Motion be denied without prejudice to refile with additional information within four weeks of Judge Rubin's adoption of this Report and Recommendation.

## BACKGROUND

On December 17, 2020, Plaintiff filed suit against defendants Employer Tools & Solutions, Inc., d/b/a ETS Payroll ("ETS"), Kenneth E. Jackson ("Jackson"), and Raymond Rollings ("Rollings"). ECF 1, at 1. Plaintiff alleges five counts against all defendants: (1) breach of

contract; (2) fraud; (3) conversion; (4) unjust enrichment; and (5) civil conspiracy. *Id.* at 5–10. In short, Plaintiff alleges that defendants perpetrated a "fraudulent scheme . . . to steal and convert thousands of dollars of payroll funds designated for the benefit of the employees of the Plaintiff in the form of Federal and State payroll and other related taxes, benefits and employee payments." *Id.* at 2. No defendant answered the complaint.

On March 3, 2021, Plaintiff moved for an entry of default as to Rollings (ECF 14) and Jackson (ECF 15). On March 17, 2021, the Clerk of Court entered the requested orders of default. *See* ECF 18; ECF 19. Neither Rollings nor Jackson filed a motion to vacate these (or any)[1] of the court's orders. On June 13, 2022, Plaintiff filed the instant Motion for Default Judgment against Rollings. ECF 29. Plaintiff does not move for default judgment against Jackson or ETS. The docket does not reflect that Plaintiff has requested, nor has the Clerk of Court entered on its own, an order of default against defendant ETS.

## APPLICABLE LAW

A court may enter default against defendant who "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise . . . ." Fed. R. Civ. P. 55(a). Once default has been entered, the party seeking to recover must generally move the court for default judgment.[2] Fed. R. Civ. P. 55(b). The Fourth Circuit has a "strong policy" that "cases be decided on their

---

[1] The docket in this case contains seemingly duplicative filings. On June 16, 2022, a second Order of Default was entered against Rollings. ECF 30, at 1. This is likely a result of Plaintiff's June 3, 2022, Motion for Clerk's Entry of Default seeking the same relief. ECF 28, at 1. ECF 28 and its attachments appear to be identical to the instant Motion and its attachments.

[2] In the limited case where a plaintiff seeks default and "the plaintiff's claim is for a sum certain or a sum that can be made certain by computation," the clerk can enter default judgment at the plaintiff's request as long as the amount of damages has been demonstrated in a supporting affidavit. Fed. R. Civ. P. 55(b)(2)(1).

merits[.]" *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993). However, "default judgment may be appropriate when the adversary process has been halted because of an essentially unresponsive party." *SEC v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005) (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980)).

In reviewing a motion for default judgment, the court accepts as true the well-pleaded factual allegations in the complaint as to liability. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780–81 (4th Cir. 2001). It remains for the court, however, to determine whether these unchallenged factual allegations constitute a legitimate cause of action. *Id.*; *see also* 10A Wright, Miller & Kane, Federal Practice and Procedure § 2688.1 (4th ed.) ("Liability is not deemed established simply because of the default . . . [and] the court, in its discretion, may require some proof of the facts that must be established in order to determine liability."). The party seeking a default judgment must provide sufficient factual and legal support for its request for damages and, if appropriate, attorney's fees. *See Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001) (noting that except where the amount of damages is certain, the court must make an independent determination of damages in reviewing a motion for default judgment and may rely on detailed affidavits or documentary evidence to determine the appropriate sum); *Lawbaugh,* 359 F. Supp. 2d at 422 ("Upon default, the well-pled allegations in a complaint as to liability are taken as true, although the allegations as to damages are not.").

## ANALYSIS

The Motion should be denied for several reasons. As a threshold matter, Plaintiff impermissibly seeks default judgment against only Rollings, not ETS or Jackson. When defendants are jointly and severally liable, as Plaintiff has alleged here (ECF 1, at 9), it is not appropriate to enter default judgment against only one defendant. *See Queen v. Ctr. for Sys. Mgmt.,*

*Inc.*, No. ELH-10-3518, 2012 WL 4058044, at *2 (D. Md. Sept. 13, 2012) (Report and Recommendation by Magistrate Judge Gesner adopted by Judge Hollander on October 3, 2012); *Arbor Care Tree Experts, Inc. v. Arbor Care Tree Experts & Outdoor Srvs.*, No. ELH-10-1008, 2011 WL 219636, at *1–2 (D. Md. Jan. 21, 2011). As Judge Gesner explained in *Queen*, default judgment against only one defendant is disfavored "in order to avoid the risk of inconsistent judgments in a multi-defendant case . . . ." *Queen*, 2012 WL 4058044, at *2 (citing *Frow v. De La Vega*, 82 U.S. 552, 554 (1872)). Thus, it appears Plaintiff cannot seek a default judgment against only one of the three defendants that Plaintiff alleges are jointly and severally liable for Plaintiff's damages. *Id.* (citing *United States ex rel. Hudson v. Peerless Ins. Co.*, 374 F.2d 942, 944 (4th Cir. 1967)).[3]

Other filings in this case may help explain Plaintiff's decision to pursue default judgment against only Rollings. Plaintiff previously represented that ETS and Jackson both filed bankruptcy petitions in the Eastern District of Texas. ECF 26, at 1–2. Plaintiff stated that it "continues to pursue its claim against [ETS]" in that court. *Id.* at 2. Plaintiff also noted that on April 11, 2022, Plaintiff was awarded a judgment against Jackson in bankruptcy court in the amount of $235,000. *Id.* Accordingly, it appears that Plaintiff wishes to pursue recovery against ETS and Jackson in bankruptcy court in Texas while simultaneously seeking default judgment against Rollings here. Regardless of Plaintiff's reasoning for pursuing this course of action, default judgment against only Rollings is not permissible.

---

[3] It may be the case that Plaintiff does not intend to continue to pursue its claims against Jackson and ETS. If so, Plaintiff should voluntarily dismiss these claims before refiling the Motion for Default Judgment. In the alternative, Plaintiff's renewed motion must, at least, provide caselaw addressing the issue or proposing an alternative approach.

4

Second, the Motion should be denied because Plaintiff seeks damages that exceed the amount demanded in the complaint. Rule 54 is clear that a "default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c); *see also Monge v. Portofino Ristorante*, 751 F. Supp. 2d 789, 794–800 (D. Md. 2010). "The rationale is that a default judgment cannot be greater than the specific amount sought because the defendant could not reasonably have expected that his damages would exceed that amount." *In re Genesys Data Techs., Inc.,* 204 F.3d 124, 132 (4th Cir. 2000). Moreover, simply adding the "prefatory words 'at least' when praying for a monetary amount" violates Federal Rule of Civil Procedure 8(e)'s requirement that a prayer be either "simple, concise, or direct" and does not unlock recovery exceeding the amount specifically demanded in the complaint pursuant to a default judgment. *See Sheet Metal Workers' Nat'l Pension Fund v. Frank Torrone & Sons, Inc.*, No. 1:04CV1109, 2005 WL 1432786, at *8 (E.D. Va. June 1, 2005).

In its Motion, Plaintiff seeks "$235,000, plus legal fees of $65,000 for a total claim of $300,000." ECF 29, at 2. However, the complaint only alleges damages "in the amount of at least $175,000 against all Defendants," "[p]unitive damages in an amount to be determined at trial," and "other and further relief as the Court deems just and proper." ECF 1, at 9. Plaintiff attempts to explain the damages in excess of $175,000 by attaching to the Motion a short "worksheet computation" that includes "[p]enalties and interest" ($60,000) and "[a]ttorneys' fees" ($65,000). ECF 29-7. This does not justify an order of damages in excess of what was demanded in the complaint, particularly when the claims for "attorneys' fees," "penalties," and "interest" are not substantiated or explained in the complaint (ECF 1, at 9), in the Motion (ECF 29-7), or in any supporting documents. Accordingly, the Motion should also be denied because it fails to explain why the amount sought in damages exceeds the amount set forth in the complaint.

The Motion also fails to articulate a theory of recovery for $65,000 in attorney's fees. The "American Rule" provides that each litigant in a case will pay their own attorney's fees unless the relevant statute or contract in question provides otherwise. *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 253 (2010); *Eastern Shore Title Co. v. Ochse*, 160 A.3d 1238, 1254 (Md. 2017). Plaintiff alleges five (5) causes of action, none of which is identified as entitling the prevailing party to the recovery of attorney's fees. Plaintiff also fails to point to any specific contractual language that justifies an award of attorney's fees. It is possible that Plaintiff's demand for attorney's fees does not seek the recovery of fees directly related to prosecuting the instant lawsuit but instead references legal fees incurred prior to this action that are related to the underlying allegedly unlawful conduct.[4] If so, this must be explained by Plaintiff in any future filings. Accordingly, the Motion should be denied because it fails to provide any argument justifying why Plaintiff is entitled to an award of attorney's fees.

Finally, the Motion should be denied because it does not address whether the factual allegations contained in the complaint constitute legitimate causes of action entitling Plaintiff to the damages sought. Indeed, it is unclear whether Plaintiff seeks a default judgment as to one, some, or all of the complaint's five counts. Though the complaint contains multiple causes of action and differing requests for relief,[5] the Motion does not address what claims form the basis

---

[4] The complaint notes that Plaintiff has suffered "damages in the amount of $175,000 including as well as attorneys' fees and any and all expenses incurred by [Plaintiff] to address the issues caused by Defendants['] improper and illegal conduct." ECF 1, at 9. It is unclear from this language whether the $175,000 is Plaintiff's demand "including" attorney's fees, or whether Plaintiff demands $175,000 "as well as" attorney's fees. More clarity is required if Plaintiff chooses to refile the Motion.

[5] For example, Plaintiff's fourth claim (unjust enrichment) seeks "a temporary restraining order, a preliminary injunction, a permanent injunction, and restitution of at least $175,000" as well as "punitive damages." ECF 1, at 8. Plaintiff's fifth count (civil conspiracy) seeks "$175,000 including as well as attorneys' fees and any and all expenses." *Id.* at 9.

for the requested damages, and, as discussed briefly above, further fails to substantiate the claim for damages with any factual support. If Plaintiff chooses to refile the Motion, Plaintiff is reminded that the "assertion of a sum in a complaint does not make the sum 'certain' unless the plaintiff claims liquidated damages; otherwise, the complaint must be supported by affidavit or documentary evidence." *United States v. Vardoulakis*, No. CIV. WDQ-07-3341, 2010 WL 5137653, at *3 (D. Md. Dec. 9, 2010) (citing *Medunic v. Lederer*, 64 F.R.D. 403, 405 n.7 (E.D. Pa. 1974), *rev'd on other grounds*, 533 F.2d 891 (3d Cir. 1976)).

For these reasons, I recommend that the Motion (ECF 29) be DENIED without prejudice, allowing Plaintiff to refile the Motion within four weeks of the adoption of this Report and Recommendation. If Plaintiff chooses to refile, Plaintiff should ensure that the new Motion and any exhibits address the specific issues raised above. Plaintiff should also address what impact, if any, both the Texas bankruptcy proceedings and the April 11, 2022, award against Jackson noted above have on the court's Rule 55 analysis or on Plaintiff's right to recovery in this court.

## CONCLUSION

For the foregoing reasons, I recommend that Plaintiff's Motion for Default Judgment should be **DENIED** without prejudice to allow Plaintiff to refile the Motion in a manner consistent with the above within four weeks of Judge Rubin's adoption of this Report and Recommendation. I also direct the Clerk to mail a copy of this Report and Recommendation to defendants ETS, Jackson, and Rollings at their respective addresses listed on Plaintiff's complaint. Any objections to this Report and Recommendation must be served and filed within fourteen (14) days pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 301.5.b.

Dated: October 3, 2022                                    /s/
                                                Brendan A. Hurson
                                                United States Magistrate Judge